1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERRI M.-Q.,

                       Plaintiff,

      v.

ANDREW M. SAUL,
Commissioner of Social Security,

                  Defendant.

CASE NO. C19-6136-MAT

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

## FACTS AND PROCEDURAL HISTORY

Plaintiff was born on XXXX, 1965.[1] She has a high school diploma and her previous jobs

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

include short-order cook and home health care attendant.  (AR 73-75, 187, 229.)

Plaintiff applied for DIB in December 2016.  (AR 173-74.)  That application was denied and Plaintiff timely requested a hearing.  (AR 115-17, 119-23.)

In November 2018, ALJ Larry Kennedy held a hearing, taking testimony from Plaintiff and a vocational expert (VE).  (AR 41-86.)  In January 2019, the ALJ issued a decision finding Plaintiff not disabled.  (AR 16-28.)  Plaintiff timely appealed.  The Appeals Council denied Plaintiff's request for review (AR 1-7), making the ALJ's decision the final decision of the Commissioner.  Plaintiff now seeks judicial review.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found Plaintiff had not engaged in substantial gainful activity since February 18, 2016, the alleged onset date.  (AR 19.) At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found severe Plaintiff's bilateral shoulder degenerative joint disease, cervical spine impairment (status-post surgery), carpal tunnel syndrome, headaches, obesity, and major depressive disorder. (AR 19.)  Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 19-21.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has

demonstrated an inability to perform past relevant work.  The ALJ found Plaintiff capable of performing light work with additional limitations: she cannot reach overhead, but can frequently reach below shoulder level.  She can frequently handle and finger.  She can occasionally balance, stoop, kneel, and crouch.  She cannot climb or crawl.  She must avoid concentrated exposure to vibrations and hazards.  She can perform simple, routine tasks and follow short, simple instructions.  She can perform work that needs little or no judgment and can perform simple duties that could be learned on the job in a short period.  She can understand and follow employer goals. She requires a work environment that is predictable and with few work setting changes.  (AR 21.) With that assessment, the ALJ found Plaintiff unable to perform past relevant work.  (AR 27.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy.  With the assistance of the VE, the ALJ found Plaintiff capable of transitioning to other representative occupations, such as production line solderer, electrical accessories assembler, and hotel/motel housekeeper. (AR 28.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in assessing certain medical opinion evidence and in discounting Plaintiff's subjective allegations.  The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

Medical opinion evidence

Plaintiff challenges the ALJ's assessment of opinions written by treating physician Dawson Brown, M.D., and examining physician Donna Moore, M.D. The Court will address each opinion in turn.

Legal standards

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).[2]  Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons.  *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Dr. Brown's opinion

Dr. Brown treated Plaintiff's shoulder conditions throughout the adjudicated period and completed a checkbox form opinion in June 2018 describing Plaintiff's physical limitations.  (AR 579.)  Dr. Brown opined that *inter alia* Plaintiff could sit for eight hours, reach and handle each for less than two hours, and finger for three hours, in an eight-hour workday. (*Id*.) Dr. Brown also

---

[2] Because Plaintiff applied for benefits prior to March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 4

1   indicated that Plaintiff would require "[c]omplete freedom to rest throughout" a workday, and

2   would be absent from work more than four days per month. (*Id*.)

3          The ALJ gave little weight to Dr. Brown's opinion for several reasons. First, the ALJ noted

4   that Dr. Brown's form opinion did not contain any explanation of its foundation. (AR 25.) The

5   ALJ also emphasized that Dr. Brown treated Plaintiff's shoulders, and that Dr. Brown did not

6   perform any testing of Plaintiff's hands or grip strength, and thus his treatment notes do not provide

7   support for his opinion as to Plaintiff's manipulative limitations. (*Id*.) The ALJ also found no

8   basis in Dr. Brown's treatment notes for his opinion on absenteeism. (AR 25-26.) Lastly, the ALJ

9   found Dr. Brown's opinion to be inconsistent with Plaintiff's activities of daily living as described

10  in Dr. Brown's treatment notes. (AR 26.)

11         The ALJ provided several specific, legitimate reasons to discount Dr. Brown's opinion.

12  The ALJ did not err in finding that Dr. Brown's opinion was unexplained: even when Dr. Brown's

13  treatment notes related to Plaintiff's shoulder conditions are considered in conjunction with his

14  opinion, they do not provide any explanation or support for the opined limitations as to sitting,

15  handling, fingering, or absenteeism, or the need to rest during the workday. The ALJ did not err

16  in discounting Dr. Brown's opinion on this basis. *See Thomas*, 278 F.3d at 957 ("The ALJ need

17  not accept the opinion of any physician, including a treating physician, if that opinion is brief,

18  conclusory, and inadequately supported by clinical findings.").

19         Even if the ALJ erroneously interpreted the mention of Plaintiff's activities in Dr. Brown's

20  treatment notes (as Plaintiff argues (Dkt. 27 at 8-9)), any error in this line of reasoning is harmless

21  in light of the ALJ's other valid reasoning.

22  Dr. Moore's opinion

23         Dr. Brown referred Plaintiff to Dr. Moore for a consultation that took place in November

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 5

2018, a few weeks after the administrative hearing. (AR 34-39, 554.)  Dr. Moore wrote a narrative report and completed the same checkbox form that Dr. Brown had completed months earlier. (AR 34-40.)  The ALJ refused to include Dr. Moore's opinion report on the grounds that it was untimely disclosed (AR 16), and the Appeals Council refused to exhibit the evidence because it had been excluded by the ALJ (AR 2), but because the evidence is in the administrative record, the Court considers it in its review of the ALJ's decision.  *See Gardner v. Berryhill*, 856 F.3d 652, 656 (9th Cir. 2017) (explaining that the court must "determine whether the ALJ's finding of nondisability was supported by substantial evidence in the entire record – including any new evidence in the administrative record that the Appeals Council considered – not just the evidence before the ALJ").

Dr. Moore's opinion report contains several treatment recommendations, and Dr. Moore opined that Plaintiff should able to return to work "after a year of appropriate treatment." (AR 34-39.)  In her checkbox form opinion, Dr. Moore opined that Plaintiff could stand/walk and sit each for about two hours per day, with the option to shift positions at will. (AR 40.)  Dr. Moore also opined that Plaintiff required one five-minute rest period per hour, and could reach, handle, and finger each for less than two hours per day. (*Id.*)  Dr. Moore anticipated that Plaintiff would be absent more than four times per month. (*Id.*)  She indicated that Plaintiff's limitations were temporary, but would persist for one year. (*Id.*)

The Court finds that Dr. Moore's opinion undermines the ALJ's decision because it describes limitations not accounted for in the ALJ's RFC assessment, and contradicts several of the ALJ's findings.  During the adjudicated period, Dr. Moore found Plaintiff to be more limited than the ALJ as to sitting, lifting/carrying, manipulating, reaching, and absenteeism. (*Compare* AR 21 *with* AR 40.)  Furthermore, as noted above, Drs. Brown and Moore completed the same checkbox form, but the opinions are not identical. (*Compare* AR 40 *with* AR 579.)  For example,

1    Dr. Moore described less severe rest requirements, but also found Plaintiff to be more limited as
2    to sitting and lifting/carrying than Dr. Brown.  (*Id.*)  Dr. Brown opined that Plaintiff's limitations
3    were permanent, but Dr. Moore indicated that her limitations would improve such that she would
4    be able to work after a year of treatment.  (*Compare* AR 39-40 *with* AR 579.)

5          Moreover, Dr. Moore's opinion was accompanied by a narrative opinion report describing
6    a full-body physical examination and a summary of the treatment records, which amounts to a
7    more direct explanation for Dr. Moore's checkbox indications than Dr. Brown's.  (AR 34-39.)  Dr.
8    Moore found decreased sensation in Plaintiff's right hand; the ALJ emphasized Dr. Brown's lack
9    of testing to support the manipulative limitations that he indicated.  (AR 25, 37.)

10         Because of the differences between Dr. Brown's and Dr. Moore's opinions, the Court
11   rejects the Commissioner's argument that the ALJ's reasoning with respect to Dr. Brown's opinion
12   applies equally to Dr. Moore's.  *See* Dkt. 29 at 12-15.  On remand, the ALJ shall consider Dr.
13   Moore's opinion and either credit it or provide legally sufficient reasons to discount it.

14                          Plaintiff's subjective testimony

15         The ALJ discounted Plaintiff's subjective testimony because (1) Plaintiff's allegations of
16   severe weakness, loss of mobility, or problems with using her hands are contradicted by the record,
17   and the evidence does not corroborate her testimony about the frequency and severity of her
18   headaches; and (2) Plaintiff's allegations of recurrent panic attacks and serious cognitive deficits
19   are not corroborated in the record, and her limited and inconsistent mental health treatment
20   undermines her complaints of disabling mental limitations.  (AR 21-25.)  Plaintiff argues that the
21   ALJ's first line of reasoning, pertaining to her physical allegations, is not clear and convincing, as
22   required in the Ninth Circuit.  *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

23         Because this case must be remanded to permit the ALJ to consider Dr. Moore's opinion,

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 7

which addresses some of the physical issues that the ALJ discounted, the Court finds that the ALJ should reconsider Plaintiff's physical allegations in light of Dr. Moore's opinion and any other evidence submitted during the remand proceedings.

<strong><u>CONCLUSION</u></strong>

For the reasons set forth above, the Commissioner's decision is REVERSED and this matter is REMANDED for further administrative proceedings.  On remand, the ALJ should consider Dr. Moore's opinion and, to the extent necessary, Plaintiff's allegations and any other aspect of the decision that is impacted by the updated record on remand.

DATED this <u>7th</u> day of December, 2020.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 8