UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERRI M.-Q., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C19-6136-MAT <br><br> ORDER RE: MOTION FOR EQUAL ACCESS TO JUSTICE ACT FEES |

### INTRODUCTION

Plaintiff filed a motion for attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Dkt. 33. The Commissioner argues Plaintiff is not entitled to EAJA fees because the Commissioner's position was "substantially justified," or, in the alternative, requests that the Court find the fee request unreasonable and award a reduced amount. Dkt. 34. For the reasons explained below, the Court finds that the Commissioner's position was substantially justified and therefore DENIES Plaintiff's motion.

### DISCUSSION

Under EAJA, the Court awards fees and expenses to a prevailing party in a suit against the government unless it concludes the position of the government was "substantially justified or that

ORDER
PAGE - 1

special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Having secured a remand of this matter, Plaintiff is the prevailing party. *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Nor are there any special circumstances that would make an award unjust.

The Commissioner's position is deemed substantially justified if it meets the traditional standard of reasonableness, meaning it is "justified in substance or in the main, or to a degree that could satisfy a reasonable person." *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) (quoted sources and internal quotations omitted). While the government's position need not be correct, it must have "'reasonable basis in law and fact.'" *Id*. (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). "'The government bears the burden of demonstrating substantial justification.'" *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (quoting *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005)).

In considering substantial justification, the Court first considers the underlying agency action, meaning the decision of the ALJ, and then considers the government's litigation position. *Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013). A "'holding that the agency's decision . . . was unsupported by substantial evidence is . . . a strong indication that the 'position of the United States' . . . was not substantially justified.'" *Id.* (quoting *Thangaraja*, 428 F.3d at 874). Indeed, only in a "'decidedly unusual case'" will there be "substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'" *Thangaraja*, 428 F.3d at 874 (quoted case omitted).

In this case, the Court ordered a remand upon concluding that the opinion of examining physician Donna Moore, M.D., which was excluded by the administrative law judge (ALJ) but incorporated into the record by the Appeals Council, undermined the ALJ's decision. *See* Dkt. 31. The Court found no harmful error in the ALJ's assessment of the opinion of Dawson Brown, M.D.,

or in any other particular part of the ALJ's decision, but found that the ALJ on remand should reconsider Plaintiff's subjective testimony describing physical allegations and any other part of the decision impacted by the updated record on remand. *Id.*

The Commissioner maintains that his position was substantially justified because the ALJ had properly excluded Dr. Moore's opinion, and because Dr. Moore's opinion is similar enough to Dr. Brown's opinion and thus the ALJ's proper reasons for discounting Dr. Brown's opinion could have been applied equally to Dr. Moore's opinion. Dkt. 34. The Commissioner argues that this case is analogous to *Decker v. Berryhill*, because the Appeals Council evidence that led to the remand arguably, but not overwhelmingly, undermined the ALJ's decision. *See* Dkt. 34 at 5 (citing 856 F.3d 659, 665 (9th Cir. 2017)). In *Decker*, the Ninth Circuit found that although the district court had found that new evidence considered by the Appeals Council required remand because it could be interpreted in a way that undermined the ALJ's decision, that "result was not inevitable" and thus the Commissioner was substantially justified in opposing remand. 856 F.3d at 665.

The Court agrees that *Decker* is instructive. Dr. Moore's opinion is similar to Dr. Brown's properly discounted opinion in that they were expressed on the same form and described some of the same limitations, yet the opinions were not identical and nonetheless distinguishable, as the Court explained in its remand order. Dkt. 31 at 6-7. The Court did not agree with the Commissioner's position as to the extent of the similarity between the opinions, but did not entirely reject any suggestion of similarity, and this type of ruling does not imply that the Court reached the only reasonable result. *See Decker*, 856 F.3d at 665 ("Decker's new evidence, though sufficient in the end to persuade the district court to remand the case, did not make that the only reasonable result."). Given that Plaintiff herself emphasized the similarity between Dr. Moore's and Dr. Brown's opinions in her briefing (Dkt. 27 at 5 ("Dr. Moore's functional assessment closely

ORDER
PAGE - 3

aligned with and bolstered similar limitations contained in Dr. Brown's medical source statement")), remand was not a foregone conclusion. Accordingly, the Court finds that the Commissioner was substantially justified in his litigation position. *See Decker*, 856 F.3d at 662 (finding substantial justification "because the Commissioner's opposition to remand of the claim on the merits was reasonable, even though it turned out to be unsuccessful").

Furthermore, because the Court found no error in the ALJ's decision based on the record before the ALJ, the Court finds that the Commissioner was also substantially justified in his underlying position. Thus, because the Commissioner was substantially justified in the underlying decision and in his litigation position, the Court finds that Plaintiff is not entitled to EAJA attorney fees and expenses.

## CONCLUSION

For all of these reasons, the Court finds that the Commissioner's position was substantially justified, and therefore DENIES Plaintiff's motion (Dkt. 33).

DATED this 26th day of February, 2021.

Mary Alice Theiler
United States Magistrate Judge